United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50569
Conference Calendar

_____

RALPH LOUIS PLATT,

Plaintiff-Appellant,

versus

KELLY KOTZAR; STEVE CLOVER; OSCAR MENDOZA,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CV-229
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Ralph Louis Platt, Texas prisoner # 676188, seeks leave to
appeal in forma pauperis ("IFP") the dismissal as frivolous and
for failure to exhaust his 42 U.S.C. § 1983 civil rights lawsuit.
By moving for IFP, Platt is challenging the district court's
certification that IFP status should not be granted on appeal
because his appeal is not taken in good faith. See Baugh v.
Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Platt argues that he is entitled to proceed IFP because he is a pauper and because there is no evidence of bad faith on his part. He does not otherwise challenge the district court's certification; he likewise fails to challenge the reasons given for the district court's dismissal. Platt does not specifically renew the claims he raised in the district court, other than to assert conclusionally that his civil rights have been violated.

Platt has thus abandoned the only grounds for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Consequently, the appeal is wholly without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2; see also Baugh, 117 F.3d at 202 n.24. The IFP motion is DENIED. The motion for the appointment of counsel is also DENIED.

Both the district court's dismissal of Platt's complaint and this court's dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Platt is CAUTIONED that if he accumulates a third strike under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; THREE-STRIKES WARNING ISSUED.